Footnotes in HTML versions of opinions 
are designated by superscript “balloons” or boxes (click on either for the 
footnote text) and are not numbered. For an exact copy of the opinion, retrieve 
the Adobe PDF version.
IN THE SUPREME COURT OF TEXAS
════════════
No. 
03-0831
════════════
Yusuf Sultan,
d/b/a U.S. Carpet and Floors, 
Petitioner,
v.
Savio Matthew, Respondent
════════════════════════════════════════════════════
On Petition 
for Review from the
Court of 
Appeals for the Fourteenth District of Texas
════════════════════════════════════════════════════
            Justice Hecht, joined by Justice Wainwright and Justice Medina, dissenting.
            The 
jurisdictional structure of the Texas court system is unimaginably abstruse. 
Take for example this case, which raises what one might think would be a 
relatively simple question: Can a $4,000 judgment for damage caused by home 
flooring installation be appealed to the court of appeals? Here is the Court’s 
answer: yes, if the judgment was rendered by a district court, or by a county 
court 

 or a statutory county court 

 in a case that originated in or was transferred 

 to that court from a justice court or small claims court, or was appealed from 
a justice court in a case that originated there or was transferred there from 
the small claims court, but no, if the judgment was rendered by county court or 
a statutory county court in a case appealed from a small claims court. One might 
wonder why the answer should be so complicated, and why the court of appeals’ 
jurisdiction should depend on where, among several trial courts all with 
jurisdiction, the case was first filed and whether it was transferred. Why, 
indeed.
            In 
all fairness, the Court is trying to make sense of a half-century-old ambiguous 
statute that is part of a jurisdictional scheme that has gone from elaborate, 
when the statute was enacted, to Byzantine. Today’s complex answer to a simple 
question does not much worsen matters that are already in terrible shape. But we 
are seldom presented with the opportunity to give a jurisdictional statute a 
reasonable construction that results in more uniformity and simplicity (even if 
only slightly more), and given that opportunity in this case, I would seize it. 
Since 1892, the court of civil appeals and its successor, the court of appeals, 
have had jurisdiction over any civil case involving more than $100. 

 I would hold that jurisdiction does not depend on where the first judgment in 
the case was rendered — whether in the small claims court, the justice court, 
the statutory county court, the county court, or the district court. (To keep 
things simple, I would leave statutory probate courts for another day. 

 ) Accordingly, I respectfully dissent.
            As 
I see it, the principal error in the Court’s analysis is that it does not pay 
proper attention to the context in which the statutory language we have to 
construe was written and the jurisdictional scheme of which it is a part. The 
Small Claims Court Act was enacted in 1953 and has since been recodified and 
amended. 

 In 1953, four trial courts had jurisdiction over claims for money damages: the 
district court, with a minimum jurisdictional limit of $500; 

 the county court in each county, with jurisdiction of claims involving between 
$200 and $1,000; 

 the additional statutory county courts (18 in 13 counties), with the same 
monetary limits as the county courts; and the justice court, with exclusive 
jurisdiction of claims up to $200. 

 The Act created a fifth court, the small claims court, but no new judges; each 
justice of the peace in addition to being judge of the justice court was also 
made judge of the small claims court. 

 Notwithstanding the justice court’s constitutionally “exclusive” jurisdiction 
of claims up to $200, 

 the small claims court was given jurisdiction of wage claims up to $100 and 
other monetary claims up to $50. 

 Thus, the small claims court and justice court had concurrent jurisdiction over 
the smallest claims, and the same justice of the peace heard them, whether 
sitting as judge of the justice court or as judge of the small claims court. 
Neither court’s jurisdiction overlapped that of the statutory county court, the 
county court, or the district court.
            The 
purpose of the Act, according to the Legislature, was to address “[t]he fact 
that many citizens of the State of Texas are now in effect denied justice 
because of the present expense and delay of litigation when their claims involve 
small sums of money”, 

 but it is doubtful whether the Act did much to facilitate the adjudication of 
small claims already being handled by the same justices of the peace in the 
justice courts. 

 The Act prescribed procedures that are less extensive than the rules applicable 
in justice courts but not appreciably simpler in actual practice. 

 For example, the Act permits an action to be commenced by filing a simple, 
sworn statement, 

 but does not permit oral pleadings, which are standard in justice court. 

 Discovery is permitted in justice court, 

 and while it was not expressly permitted at first in small claims courts, it is 
now. 

 Perhaps the most significant difference between the two courts was the Act’s 
admonition, inapplicable in justice court, that:
In every 
case before the Small Claims Court, it shall be the duty of the judge to develop 
all of the facts in the particular case. In the exercise of this duty, the judge 
may propound any question of any witness or party to the suit or upon his own 
motion may summon any party to appear as witness in the suit as, in the 
discretion of the judge, appears necessary to effect a correct judgment and 
speedily dispose of such case. 

 
This is in contrast to 
cases holding that, although a trial judge may examine a witness during a bench 
trial, a trial judge should not examine witnesses who are testifying before a 
jury. 

 A jury trial may be demanded in either court. 

 
            The 
jurisdictional structure of the trial courts has changed markedly since 1953. 
The Constitution has been amended to omit a minimum monetary limit on the 
district court’s jurisdiction, 

 and whether any such limit remains is an unresolved question. 

 The Constitution has also been amended to omit monetary limits on the county 
court’s jurisdiction. 

 Limits now prescribed by statute are generally from $200 up to $5,000, 

 but at least one county court has no civil jurisdiction at all. 

 Monetary jurisdictional limits on statutory county courts are generally from 
$500 to $100,000, 

 but they vary widely from county to county, and many such courts have no 
monetary limits. The justice court retains “exclusive” jurisdiction over claims 
up to $200, 

 but the upper monetary limit of its jurisdiction has been increased by statute 
to $5,000, exclusive of interest. 

 The small claims court also has jurisdiction of all monetary claims up to 
$5,000, exclusive of costs. 

 For many individual courts, statutes limit or extend jurisdiction based on the 
subject matter of cases. Also, county court judges, statutory county judges, 
justices of the peace as judges of the justice courts, and justices of the peace 
as judges of the small claims courts may, within their discretion, transfer 
cases to one another if the transferred case is within the transferee court’s 
jurisdiction, and sit for one another on any case over which the sitting judge 
would have jurisdiction in his or her own court. 

 I cannot begin to describe in detail the jurisdiction of Texas trial courts. My 
point here is merely to show how monetary limits and the jurisdictional 
boundaries among trial courts have changed in the past half century.
            It 
is in this full historical context that the provision here in question must be 
construed. The Small Claims Act permits an appeal to the county court or 
statutory county court from a “final judgment” in a case involving more than 
$20, exclusive of costs. 

 The appeal is actually a trial de novo in the county court or statutory county 
court. 

 Section 13 of the Act, now recodified as section 28.035(d) of the Government 
Code, then states that the judgment on appeal is “final”. 

 As the Court notes, “the term ‘final,’ as applied to judgments, has more than 
one meaning.” 

 In section 13 of the Act, “final” could mean one of three things: (1) not 
interlocutory, and therefore subject to appeal — the way the word is used a few 
sentences earlier in permitting an appeal from a “final judgment”; (2) not 
subject to appeal at all; or (3) no longer subject to nullification by trial de 
novo, like the small claims court judgment, but appealable like any other 
judgment. I agree with the Court that the first meaning makes section 13 a false 
statement because it is possible for judgments of the county court or county 
court at law to be interlocutory. For example, a plaintiff might sue two 
defendants and take a default judgment against one, which would be interlocutory 
until it was severed or the entire case was adjudicated. The statement that a 
judgment on appeal is “final” cannot mean that a judgment on appeal is not 
interlocutory.
            The 
Court adopts the second possible meaning of “final”, that the judgment of the 
county court or statutory county court after trial de novo cannot be appealed to 
the court of appeals. For several reasons, I think the Court’s construction is 
implausible.
            First: 
If the 1953 Legislature intended section 13 to mean that a small claims court 
case could never reach the court of civil appeals, then it stated nothing that 
was not already true. The maximum jurisdictional limit of the small claims court 
in 1953 was $100, and it was that high only for wage claims. The limit for other 
monetary claims was $50. The minimum jurisdictional limit of the court of civil 
appeals was $100. 

 Thus, no case within the small claims court’s jurisdiction could ever reach the 
court of civil appeals unless the amount in controversy increased during the 
trial de novo appeal in the county court or statutory county court, and there 
was at least some authority that seemed to prohibit such a change in the case. 


 Thus, under the law as it existed in 1953, no case within the small claims 
court’s jurisdiction could ever be appealed past the county court or statutory 
county court, and there was no reason for the Legislature to reiterate that fact 
in the Act.
            Second: 
As the Court says, the Legislature’s clear intent in creating the small claims 
courts was “to provide an affordable and expeditious procedure for litigating 
claims involving relatively small amounts of money” 

 — up to $100 in 1953. Consistent with that intent, the Act did not allow appeal 
in cases involving up to $20, 

 and it might well have allowed only one appeal in cases involving 
between $20 and $100. But it would have been entirely inconsistent for 
the Legislature to have created a court to handle small claims expeditiously and 
at the same time set up a structure that, when the court’s jurisdiction was 
increased, would make the small claims court the only court in the State whose 
judgments on significant claims could not be reviewed by the court of civil 
appeals. The Legislature surely foresaw that the small claims court’s monetary 
jurisdictional limits might be increased over the years, as they were in 1963, 


 1983, 

 1987, 

 1989, 

 and 1991. 

 The current limit of $5,000 is no longer a “relatively small amount[] of 
money”, at least in the same sense $100 was in 1953. (The U.S. Department of 
Labor reports that with inflation, $100 in 1953 is now the equivalent of $744.57 
in 2005. 

 ) Even if the 1953 Legislature did not contemplate that a successor body would 
someday consider a claim for $5,000 within the jurisdiction of the small claims 
court, there is also no reason to think that it intended for judgments on much 
larger claims, in whatever court they might be rendered, not to be appealed to 
the court of appeals.
            Third: 
Indeed, the 1981 Legislature expressed the contrary intent, re-enacting what was 
then article 2249 of the Texas Revised Civil Statutes Annotated, which stated in 
pertinent part:
An 
appeal or Writ of Error may be taken to the Court of Appeals from every final 
judgment of the district court in civil cases, and from every final judgment in 
the county court in civil cases of which the county court has original 
jurisdiction, and from every final judgment of the county court in civil cases 
in which the court has appellate jurisdiction, where the judgment or amount in 
controversy exceeds one hundred dollars exclusive of interest and costs. 

 
Section 13 of the 1953 Act 
was never amended or re-enacted. It and article 2249 were recodified in 1985 as 
sections 28.053 and section 22.220(a) of the Texas Government Code, 
respectively. 

 Article 2249, the later-enacted provision, controls over section 13. 

 More importantly, however, the re-enactment of article 2249 shows that the 
Legislature never intended an exception to the court of civil appeals’ 
jurisdiction for cases originating in small claims court.
            Fourth: 
On several occasions the Legislature has expressly prohibited appeals from 
statutory county courts to the court of appeals in cases in which the amount in 
controversy does not exceed $100, exclusive of interest and costs, implying that 
an appeal can be taken in any case in which a greater amount is in controversy. 
For example, section 25.1902 of the Texas Government Code, pertaining to the 
county court at law in Potter County, states:
(c)An 
appeal or writ of error may not be taken to the court of appeals from a final 
judgment of a county court at law if:
 
(1)the 
judgment or amount in controversy does not exceed $100, exclusive of interest 
and costs; and
 
(2)the 
case is a civil case over which the court has appellate or original concurrent 
jurisdiction with the justice court. 

 
Similar provisions apply to 
the statutory county courts in Cameron County, 

 Grayson County, 

 and Lubbock County. 

 Although the statutes pertaining to the three latter counties were enacted 
prior to 1953, 

 the statute pertaining to Potter County was enacted in 1955, 

 after the Small Claims Court Act. In 1985, when statutes pertinent to the 
jurisdiction of constitutional county courts were recodified in Chapter 26 of 
the Government Code, 

 the revision was no less explicit. Section 26.042, inter alia, provides 
generally that a constitutional county court has limited concurrent jurisdiction 
with the justice courts, 

 and that: 
(c) If 
under Subchapter E [“Provisions Relating to Particular Counties” 

 ] a county court has original concurrent jurisdiction with the justice courts 
in all civil matters in which the justice courts have jurisdiction, an appeal 
or writ of error may not be taken to the court of appeals from a final judgment 
of the county court in a civil case in which:
 
(1) the 
county court has appellate or original concurrent jurisdiction with the justice 
courts; and
 
(2) the 
judgment or amount in controversy does not exceed $100, exclusive of interest 
and costs. 

 
As the Revisor’s Note 
explains, subsection (c) was “derived from similar provisions found in each of 
the local laws codified in Subchapter E in which the county court is given full 
concurrent civil jurisdiction with the justice courts.” 

 These statutes show that the Legislature’s intent before and after passing the 
Act was that the court of civil appeals would have jurisdiction in cases 
involving more than $100. 
            Moreover, 
other statutes clearly contemplate that a “final judgment” marks when a case can 
be appealed, in the absence of language expressly providing otherwise, rather 
than when a judgment cannot be appealed. Section 24.007 of the Property Code 
also contemplates that express language is necessary to bar appeal of an 
otherwise appealable “final judgment” of a county court: 
A final 
judgment of a county court in an eviction suit may not be appealed on the issue 
of possession unless the premises in question are being used for residential 
purposes only. 

 
 Section 821.025 of 
the Health and Safety Code is also express in limiting the availability of an 
appeal. 

 Statutes barring or limiting review in this Court are no less explicit. Section 
22.225 (b) of the Government Code, provides that a judgment of a court of 
appeals is “conclusive on the law and facts, and a petition for review is not 
allowed to the supreme court,” in certain cases, unless a further exception 
applies. 

 
            To 
reiterate, if the Court has correctly construed section 13 of the Act, then the 
following is true of a case involving $5,000:
jurisdiction in court of 
appeals?
filed in the district 
court
yes
filed in the county court or 
statutory county court, and decided by the judge of that court, another such 
court, or a justice of the peace
 
yes
filed in the justice court, 
and decided by a county court or statutory county court judge, or by a justice 
of the peace
 
yes
filed in the small claims 
court, transferred to the justice court, county court or statutory county court, 
and decided by any judge or justice of the peace eligible to sit
 
yes
filed in the small claims 
court, and decided by any county court or statutory county court judge, or by a 
justice of the peace
 
no
No reason can be offered 
for the one anomaly. Nor is the would-be appellant’s loss, due to an incorrect 
but unreviewable judgment, necessarily limited to $ 5,000, as one of the cases 
cited by the Court illustrates. In Oropeza v. Valdez, 

 defendant Oropeza sought review of a county court judgment for $5,600, on the 
ground that this award was void insofar as it exceeded both the jurisdiction of 
the justice court and the $4,950 that plaintiff Valdez had sought and obtained 
in the justice court. 

 The San Antonio Court of Appeals dismissed his appeal for want of jurisdiction, 
citing section 28.053 (d) of the Government Code, but suggested that there might 
be other legal remedies available. 

 Oropeza took up this vague invitation, seeking injunctive and declaratory 
relief in the district court, asserting that the county court at law's judgment 
was void because it awarded monetary relief in excess of the jurisdictional 
limit of the small claims court. 

 The district court concluded that the county court judgment was not void, and 
the court of appeals, noting that the district court could have concluded that 
the increased damages were properly awarded because they had accrued because of 
the passage of time, affirmed. 

 Thus, even if the damages awarded had exceeded the jurisdiction of the justice 
court – or the county court – by a far more substantial amount, a litigant would 
be left without judicial review. 

 
            The 
third possible meaning of “final” in section 13 of the Small Claims Court Act — 
that the judgment of the county court or statutory county court after de novo 
trial is, unlike the small claims court judgment, final and appealable 
like any other judgment — avoids anomalous consequences, preserves the limit on 
appeal for small claims of up to $100, and is a reasonable construction of the 
statute. A judgment of the small claims court, subject to “appeal” by trial de 
novo, is not “final” in the same sense as other judgments. 

 As Chief Justice Calvert wrote for the Court in Southern Canal Co. v. State 
Bd. of Water Eng’rs:
In 
Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 692, we said: 
“Power to try a case de novo vests a court with full power to determine the 
issues and rights of all parties involved, and to try the case as if the suit 
had been filed originally in that court.” The sine qua non of a de novo trial as 
that term is used to describe a retrial of a matter or controversy theretofore 
tried by another tribunal is the nullification of the judgment or order of the 
first tribunal and a retrial of the issues on which the judgment or order was 
founded. When jurisdiction of the second tribunal attaches, the judgment or 
order of the first tribunal is not merely suspended, but is nullified. Examples 
of that type of trial are found in our statutes applicable to appeals from 
Justice Court judgments and from awards made by the Industrial Accident Board. 


 
In the Small Claims Court 
Act, the Legislature had referred to a judgment of the small claims court as 
“final”, meaning subject to trial de novo, and may simply have wanted to 
emphasize for small claims litigants that the judgment after trial de novo was 
“final” in yet another sense of the word. This, in my view, is the most 
plausible construction of section 13, and certainly the least problematic.
            For 
these reasons, I would hold that the court of appeals had jurisdiction of 
petitioner’s appeal and would reverse and remand to that court for consideration 
of the merits.
 
                                                                        
                                                                        Nathan 
L. Hecht
                                                                        Justice
 
Opinion delivered: November 
18, 2005